09-3450-ag
Gao v. Holder

BIA
Sichel, IJ
A078 845 638

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30ᵗʰ day of September, two thousand ten.

PRESENT:
        DENNIS JACOBS,
                *Chief Judge,*
        JON O. NEWMAN,
        RICHARD C. WESLEY,
                *Circuit Judges.*

_____

HUI GAO,
        *Petitioner,*

        v.                                          09-3450-ag
                                                    NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:         H. Raymond Fasano, New York, New York.

FOR RESPONDENT:         Tony West, Assistant Attorney General; Ada E. Bosque, Senior Litigation Counsel; Jem C.

**Sponzo, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Hui Gao, a native and citizen of the People's Republic of China, seeks review of a July 13, 2009, order of the BIA affirming the November 19, 2007, decision of Immigration Judge ("IJ") Helen Sichel, which denied his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Hui Gao*, No. A078 845 638 (B.I.A. July 13, 2009), *aff'g* No. A078 845 638 (Immig. Ct. N.Y. City Nov. 19, 2007). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances of this case, we review both the BIA's and IJ's opinions, including portions of the IJ's decision not explicitly discussed by the BIA. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562

2

F.3d 510, 513 (2d Cir. 2009).

We lack jurisdiction to consider Gao's challenge to the agency's pretermission of his asylum application. *See* 8 U.S.C. § 1158(a)(3) (barring any court from exercising jurisdiction over any determination of the Attorney General regarding the timeliness of an asylum application under § 1158(a)(2)(B)). Although we retain jurisdiction to review constitutional claims and questions of law, 8 U.S.C. § 1252(a)(2)(D), Gao raises no such argument, essentially disputing the IJ's purely factual finding that Gao's testimony regarding his ineffective assistance of counsel was not credible. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 328 (2d Cir. 2006) (finding that a question of law is *not* implicated "when the petition for review essentially disputes the correctness of the IJ's fact-finding or the wisdom of his exercise of discretion").

As to Gao's application for withholding of removal, the IJ's adverse credibility determination is supported by substantial evidence. The IJ relied on inconsistencies between Gao's testimony that he fled China in April 2001, and his college diploma, which says that he attended a government university in China until July 2001. *See Xian*

3

*Tuan Ye v. Dep't of Homeland Sec.* 446 F.3d 289, 294 (2d Cir. 2006). The IJ further relied on the inconsistency between Gao's testimony that a "Mr. Nu" of the "Hong Mei Legal Office" on "East Broadway" prepared his asylum application, and his original asylum application which states that it was prepared by "Louis Lu" at "51-19 Judge Street, Elmhurst, NY." *See Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) (relying on the maxim, *"falsus in uno, falsus in omnibus"*, to find that once an IJ concludes that a document is false, he or she is "free to deem suspect other documents (and to disbelieve other testimony) that depend for probative weight upon [the applicant's] veracity"). To the extent that Gao offered explanations for these inconsistencies, the IJ was not compelled to credit them. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

Given Gao's questionable testimony, the IJ reasonably found that his failure to provide adequate corroboration for his practice of Falun Gong further undermined the veracity of his claim. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). Gao complains that the IJ erroneously declined to give significant weight to letters from his father and friend (finding that they were "unsworn

4

statements") or to pictures of Gao engaging in Falun Gong activities in the United States (finding that they were self-serving and did not make up for his failure to provide testimony or affidavits from witnesses to his Falun Gong activities). However, the weight afforded to the applicant's evidence in immigration proceedings "lies largely within the discretion of the IJ". *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006).

The IJ found that the "Disease Certificate," which Gao submitted to corroborate his claim that his grandfather died after police beat him, failed to demonstrate that Gao's grandfather died of anything other than being "a very elderly gentlemen." However, the Disease Certificate indicates that Gao's grandfather's situation was "urgent" due to "Cerebral Concussion, several parts of his body slit up, unconscious." Nonetheless, the remainder of the IJ's findings, absent this one erroneous finding, are alone sufficient to support an adverse credibility determination. Remand therefore would be futile. *See Xiao Ji Chen*, 471 F.3d at 339 (explaining that "[t]he overarching test for deeming a remand futile" is whether the "reviewing court can confidently predict that the [IJ] would reach the same decision absent the errors that were made").

5

Gao does not challenge the agency's denial of his CAT claim before this Court.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk